HOBSON, Justice
(concurs in judgment of affirmance).
I concur in the judgment of affirmance but not without some misgiving because my study of the record persuades me to the view that the 32 Colt revolver, introduced in evidence in the State’s case in chief was, or certainly might have been, considered by the jury as having been introduced for the purpose of identification of the accused as the perpetrator of the heinous crime with which he was charged. No one questions the fact that it was not admissible for such purpose. If, as I glean from the record, it were admitted as, or if the jury considered it as, the murder weapon' it cannot be gainsaid that its introduction constituted harmful and prejudicial error, because no one can even speculate with any degree of certainty what the jury would have concluded upon the vital, controlling. question of identity had it not been so .introduced, or if it had been introduced solely and specifically for the purpose of showing, that the accused had in his possession the means with which to commit the crime. .
The only purpose for which the pistol might properly have been introduced would have been to show that the appellant had the means of committing the homicide. This is the main premise upon which the State resolutely stands, but the record does not suggest that such position was taken at the trial level.
Since it is true that reasonable minds might differ upon the question whether or not the evidence in this record is sufficient to permit a reasonable inference of the probability that the 32 Colt revolver was used to commit the crime the determination of such question' would have been for the jury had the members thereof been definitely aware of the fact that the revolver was not admissible as the murder weapon but only for the purpose of demonstrating that the defendant possessed the means with which to commit the crime. But the record fails to disclose that such was the case.
It is indeed a serious matter for any citizen to be deprived of his liberty for the *351 remainder of his life — particularly, as in this case, where it is more than possible that the jury unwittingly considered circumstantial evidence for an improper purpose.
I would vote to reverse the judgment and grant a new trial if the error which I have pointed out were, as the one in the first trial of this case, fundamental rather than procedural. Moreover, in this the second trial of-this case, an able experienced trial judge has placed his stamp of approval' upon the jury’s verdict. I am thérefore impelled to cast aside the doubt which the record raises in my mind that appellant had a fair and impartial trial and concur in the judgment of affirmance.